# EXHIBITS

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Darren Cobrae        STATE BAR NUMBER: | | |

FIRM NAME:
STREET ADDRESS: 1317 Kubuzr Ave Unit A
CITY: S. Lake Tahoe        STATE: Ca   ZIP CODE: 96150
TELEPHONE NO.: 530-545-2114        FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: **El Dorado County Superior Court**
MAILING ADDRESS: **1354 Johnson Blvd.**
CITY AND ZIP CODE: **So. Lake Tahoe, CA 96150**
BRANCH NAME:

PLAINTIFF: Darren Cobrae
DEFENDANT: John Cobrae

**FILED**

MAY 1 0 2023

EL DORADO CO. SUPERIOR COURT
BY _____ (DEPUTY CLERK)

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

CASE NUMBER: **23UD0150**

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*
  • *Serve this form and any attachments to it with the summons.*
  • *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
  • *If defendant has appeared prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF (name each): Darren Cobrae

alleges causes of action in the complaint filed in this action against DEFENDANT (name each):

John Cobrae, Kari McHaffee

2. **Statutory cover sheet allegations (Code Civ. Proc., § 1179.01.5(c))**
   a. This action seeks possession of real property that is (check all that apply):  ☒ Residential  ☐ Commercial
      (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges.  ☐ Yes  ☐ No

3. **Item 3 has been removed as it only applied before July 1, 2022.**

```
THIS SPACE INTENTIONALLY LEFT BLANK
```

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. July 16, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

MAY 1 0 2023

UD-101

| PLAINTIFF: D Cobrae | CASE NUMBER: |
|---|---|
| DEFENDANT: J Cobrae | 23UD0150 |

```
THIS SPACE INTENTIONALLY LEFT BLANK
```

4.  **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

    a.  (1) One or more defendants in this action is a natural person: ☑ Yes ☐ No
        (2) Identify any defendant not a natural person:
        *(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

    b.  (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☑ Yes ☐ No
        (2) Identify any defendant who does not:
        *(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5.  ☑ **Unlawful detainer notice expired before March 1, 2020**
        The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6.  ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
        The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

    a.  ☐ Defendant *(name each):*

        was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

    b.  ☐ Defendant *(name each):*

        was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

        *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

        *(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

| PLAINTIFF: | D Cobrae | CASE NUMBER: |
|---|---|---|
| DEFENDANT: | ) Cobrae | 23UD0150 |

6. c. Response to notice *(check all that apply)*:

(1) ☐ Defendant *(name each)*:

delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☒ Defendant *(name each)*: John Cobrae, Kari McHaffie

did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

a. ☐ Defendant *(name each)*:

was provided all the required versions of the "Notice from the State of California"  as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

b. ☐ Defendant *(name each)*:

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

c. Response to notice *(check all that apply)*:

(1) ☐ Defendant *(name each)*:

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant *(name each)*:

did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

d. ☐ Rent or other financial obligations due:

(1) Rent or other financial obligations in the amount of $ ____ was due between September 1, 2020, and September 30, 2021.

(2) Payment of $ ____ for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above.  Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

(2) ☒ By personally handing a copy to each named defendant on *(date)*: John Cobrae, Kari McHaffie

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

PLAINTIFF: D Cobrae

DEFENDANT: ) Cobrae

CASE NUMBER: 23UD0150

UD-101

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. (*Check a, b, or c.*)

a. ☐ Defendant *(name each):*

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

c. ☒ The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

| PLAINTIFF: D Cobral | CASE NUMBER: |
|---|---|
| DEFENDANT: j Cobral | 23 U D 0 1 5 0 |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).*)

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes ☐ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes ☐ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: (*State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.*) ☐ Other allegations are on form MC-025.

14. ☐ Number of pages attached *(specify):*

Date: 5/10/23

Darren Cobral

(TYPE OR PRINT NAME)          ▶      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____      ▶    
(TYPE OR PRINT NAME)                   (SIGNATURE)

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]    [ Clear this form ]

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Darren Cobrae | | |

FIRM NAME:

STREET ADDRESS: 1317 Kyburz ave Unit a (front house)

CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96150

TELEPHONE NO.: 530-545-2111    FAX NO.:

EMAIL ADDRESS: darrencobrae@hotmail.com

ATTORNEY FOR: (name):

**FILED**

MAY 1 0 2023

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** El dorado

STREET ADDRESS: **El Dorado County Superior Court**

MAILING ADDRESS: **1354 Johnson Blvd.**

CITY AND ZIP CODE: **So. Lake Tahoe, CA 96150**

BRANCH NAME:

PLAINTIFF: Darren Cobrae

DEFENDANT: John Cobrae

[ ] DOES 1 TO

| **COMPLAINT—UNLAWFUL DETAINER*** | CASE NUMBER: |
|---|---|
| [x] COMPLAINT   [ ] AMENDED COMPLAINT   (Amendment Number): | 23UD0150 |

**Jurisdiction** *(check all that apply):*

[x] ACTION IS A LIMITED CIVIL CASE

Amount demanded    [ ] does not exceed $10,000.

[ ] exceeds $10,000 but does not exceed $25,000.

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*

[ ] from unlawful detainer to general unlimited civil (possession not in issue).    [ ] from limited to unlimited.

[ ] from unlawful detainer to general limited civil (possession not in issue).    [ ] from unlimited to limited.

1. *PLAINTIFF (name each):*
   Darren Cobrae

   *alleges causes of action against DEFENDANT (name each):*
   John Cobrae, Kari Mchaffie

2. a. Plaintiff is  (1) [x] an individual over the age of 18 years.  (4) [ ] a partnership.
      (2) [ ] a public agency.  (5) [ ] a corporation.
      (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
      1317 Kyburz ave unit c (back house) South Lake Tahoe, Ca 96150

   b. The premises in 3a are *(check one)*
      (1) [x] within the city limits of *(name of city):* South lake Tahoe
      (2) [ ] within the unincorporated area of *(name of county):*

   c. The premises in 3a were constructed in *(approximate year):* 1947

4. Plaintiff's interest in the premises is [x] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

**\* NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]
**COMPLAINT—UNLAWFUL DETAINER**
Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov



MAY 1 0 2023

**UD-100**

| PLAINTIFF: DARREN COBRAE | CASE NUMBER: |
|---|---|
| DEFENDANT: John Cobrae | 23UD0150 |

6.  a.  On or about *(date):* March 01, 2019

      *defendant (name each):*
      John Cobrae

      (1)  agreed to rent the premises as a  [ x ]  month-to-month tenancy  [ ]  other tenancy *(specify):*
      (2)  agreed to pay rent of  $ 1400      payable  [ x ]  monthly  [ ]  other *(specify frequency):*
      (3)  agreed to pay rent on the  [ x ]  first of the month  [ ]  other day *(specify):*

   b.  This  [ x ] written  [ ] oral  agreement was made with
      (1)  [ x ] plaintiff.  (3)  [ ]  plaintiff's predecessor in interest.
      (2)  [ ] plaintiff's agent.  (4)  [ ]  Other *(specify):*

   c.  [ x ]  The defendants not named in item 6a are
      (1)  [ ]  subtenants.
      (2)  [ ]  assignees.
      (3)  [ x ]  Other *(specify):*  John's Girlfriend Kari Mchaffie

   d.  [ ]  The agreement was later changed as follows *(specify):*

   e.  [ x ]  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f.  [ ]  *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
      (1)  [ ]  *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
      (2)  [ ]  *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7.  The tenancy described in 6 *(complete (a) or (b))*

   a.  [ x ]  is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*

   b.  [ ]  is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*

   a.  [ x ]  The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

   b.  [ ]  The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

      (1)  [ ]  waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of  $
      (2)  [ ]  provided a direct payment of one month's rent under section 1946.2(d)(3), equaling  $ to *(name each defendant and amount given to each):*

   c.  [ ]  Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  [ x ]  Defendant *(name each):* John Cobrae, Kari Mchaffie

      was served the following notice on the same date and in the same manner:

      (1)  [ ]  3-day notice to pay rent or quit
      (2)  [ ]  30-day notice to quit
      (3)  [ ]  60-day notice to quit
      (4)  [ ]  3-day notice to quit

      (5)  [ ]  3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
      (6)  [ x ]  3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served *(date):* 05/02/2023 .
      (7)  [ ]  Other *(specify):* 3 day to vacate

UD-100

| PLAINTIFF: Darren Cobral | CASE NUMBER: |
| DEFENDANT: John Cobral | 23UD0150 |

9.  b.  (1)  On *(date):* 05/02/2023          the period stated in the notice checked in 9a expired at the end of the day.

(2)  Defendants failed to comply with the requirements of the notice by that date.

c.  All facts stated in the notice are true.

d.  [x]  The notice included an election of forfeiture.

e.  [ ]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

f.  [ ]  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10.  a.  [x]  The notice in item 9a was served on the defendant named in item 9a as follows:

(1)  [x]  By personally handing a copy to defendant on *(date):*  May 2, 2023

(2)  [ ]  By leaving a copy with *(name or description):*

a person of suitable age and discretion, on *(date):*                    at defendant's

[ ] residence   [ ] business   AND mailing a copy to defendant at defendant's place of residence

on *(date):*                because defendant cannot be found at defendant's residence or usual place of business.

(3)  [ ]  By posting a copy on the premises on *(date):*

[ ]  AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

on *(date):*

(a)  [ ]  because defendant's residence and usual place of business cannot be ascertained OR

(b)  [ ]  because no person of suitable age or discretion can be found there.

(4)  [ ]  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

(5)  [ ]  *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

b.  [ ]  *(Name):*
was served on behalf of all defendants who signed a joint written rental agreement.

c.  [ ]  *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*

d.  [x]  *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11.  [x]  *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12.  [x]  *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was*  $ 16,800

13.  [ ]  *The fair rental value of the premises is  $*                    per day.

14.  [ ]  *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  [ ]  *A written agreement between the parties provides for attorney fees.*

16.  [ ]  *Defendant's tenancy is subject to the local rent control or eviction control ordinance of  (city or county, title of ordinance, and date of passage):*



Plaintiff has met all applicable requirements of the ordinances.

17.  [ ]  *Other allegations are stated in Attachment 17.*

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: DARREN COBRAE | CASE NUMBER: |
|---|---|
| DEFENDANT: John Cobrae | 23UD0150 |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. ☐ past-due rent of $

d. ☐ reasonable attorney fees.

e. ☒ forfeiture of the agreement.

f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. ☐ damages at the rate stated in item 13 from

  *date:*

  for each day that defendants remain in possession through entry of judgment.

h. ☐ statutory damages up to $600 for the conduct alleged in item 14.

i. ☐ other *(specify):*

20. ☒ Number of pages attached *(specify):*   10

## UNLAWFUL DETAINER ASSISTANT  (Bus. & Prof. Code, §§ 6400–6415)

21. ☐  *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. (*If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.*)

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date):*

Date:

Darren Cobrae
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF)

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | | Save this form |   | Clear this form |

# CALIFORNIA THREE (3) DAY NOTICE TO VACATE THE PREMISES

TO TENANT(S):___John_Cobrae_____
AND ANY AND ALL OTHER OCCUPANTS IN POSSESSION OF THE PREMISES LOCATED
AT:1317 Kyburz Ave., Unit C, (back house) _South Lake Tahoe, California, :96150

PLEASE TAKE NOTICE that you and others in possession of the premises have violated the rules or policies of the premises or failed to perform the covenants of your lease agreement in the following manner:

- ☑ Damage to the Premises (Interior or Exterior).
- ☑ Causing Health or Safety Issues.
- ☑ Occupants Living at the Premises Who are Not on the Lease.
- ☑ Interferes with Peace and Enjoyment of Other Tenants and the Landlord.
- ☑ Unauthorized Pets.
- ☐ Subletting or Assignment of Rental Premises to a Third Party.
- ☑ Unreasonably Refusing to Allow Landlord Access to the Rental Property.
- ☑ Maintaining, Committing, or Permitting a Nuisance.
- ☑ Other Rule or Lease Violation:_Unpaid rent and violation of Paragraph 16 of the lease.

Total Balance Due: $__16,800__. Any payments accepted on or after the date of this notice shall not waive this notice or any subsequent eviction, nor shall it create or reinstate tenancy.

In addition, The Landlord as a result of having to seek and obtain a TRO against the tenant, hereby elects to  terminate the lease agreement on the grounds that paragraph 16 of the lease has been violated. Paragraph 16 states …,

**Tenant shall not make or permit any nuisance, and shall not disturb, annoy, endanger or interfere with the peaceful occupancy of other tenants or persons.. Violation may be considered by Landlord to be a**

**material breach of the lease agreement and grounds for immediate eviction.**

If you and all other occupants do not comply and  move out and deliver possession of the premises within 3 days of the service of this notice, legal action will be undertaken to evict you and all others in possession from the premises and to recover all unpaid rent, costs for damages to the premises, if any, and any other remedies available under California law.

**THIS NOTICE IS IN ACCORDANCE WITH CA CIV PRO CODE § 1161.3.**

Dated this ___2__ day of _May__, 2023____

_____Darren Cobrae

_ *(Signature of Landlord)      (Landlord's Printed Name)*

*1317 Kyburz Ave Unit A (Front house) South Lake Tahoe, Ca  96150*
*530-545-2111*

**DECLARATION OF SERVICE OF**
**NOTICE TO PERFORM COVENANTS OR VACATE** _Premises_ 

I, _MELISSA Goldey_, declare:

1.      I am now, and at all times mentioned herein, a citizen of the United States, resident of the State of __california____, over the age of eighteen years. I make this declaration based on my own personal knowledge. I am competent to testify to the matters herein.

2.      On __May  2____, 2023____, at approximately _12:58_ am/pm, I served a Notice to Perform Covenants or Vacate to the Premises located at:
__1317 Kyburz ave Unit C (back house)____, in ____El Dorado___ County, California, by:

⊙    a)  personally handing a true and correct copy to _John Cobral_ tenant under the Lease, (hereinafter the "Tenant"); **OR**

○    b)  personally handing a true and correct copy to _____, a person of suitable age and discretion who was then resident therein, accepting same on behalf of Tenant, and mailing a copy addressed to the Tenant; **OR**

○    c)  posting a copy of the Notice to Perform Covenants or Vacate in a conspicuous location at the premises, there being no one of suitable age and discretion located on the premises, and mailing a copy addressed to the Tenant.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

DATED this ___2_day of __May___, 2023____, in the city of_South Lake Tahoe_, California.

_M. Goldey_, Declarant

# RESIDENTIAL LEASE OR MONTH-TO-MONTH

***THIS AGREEMENT*** is made as of the <u>March 1st, 2019</u>

The Landlord hereby agrees to lease to the Tenant, and the Tenant hereby agrees to hire and take from the Landlord, the Premises described below pursuant to the terms and conditions specified herein.

LANDLORD:  <u>ELEVATED EQUITIES /DARREN COBRAE</u>

TENANT(S):  John Cobrae

If there is more than one person shown as tenant, then each person is jointly and severally liable for each and every provision of this Agreement, including the payment of rent and damages, and the default of any person shall be considered the default of all persons.

1.      **Property.**  The Premises are those premises described as

<u>1317 KYBURZ AVE UNIT C, SOUTH LAKE TAHOE CA., 96150.</u>

2.      **Term.**  The term begins on (date) _MARCH 1ST 2019_____. ("Commencement Date"),
(Check A or B):

      A.  **Month-to-Month** tenancy.  Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date.  Landlord may terminate the tenancy by giving written notice as provided by the law.  Such notices may be given on any date.

      B.  **Lease** shall be for __1__ year / month / day(s) commencing on __MARCH 1ST 2019___ and ending at midnight on __MARCH 1ST 2019_____.  If Tenant is not in default and remains in possession of the Premises with the consent of the Landlord after the lease expiration date stated above, this Lease will be converted to a month-to-month rental.  If the term is monthly or less then this agreement is terminable or modifiable upon at least thirty days written notice from one party to the other(s).

3.      **Rent.**  The rental amount for the Premises is $__1400.00_____ per month, payable in advance by the **first** day of each month at the Landlord's address listed above or such other place as the Landlord designates.  Remittances shall be made payable to ____Elevated Equities llc__.  The first month's rent is to be paid when Tenant signs this agreement, and Landlord acknowledges receipt of $_1400.00_____.  If this Agreement is effective on a date other than the first of a month, the second partial month shall be prorated, and Tenant shall pay $_____ for the period of _____ to _____.  Landlord need not give notice to Tenant regarding Tenant's obligation to pay rent.  **If any rent is not paid within three days of its due date, Tenant agrees to pay a late charge of ten percent (10%) of the amount not paid when due.**  This is agreed to as liquidated damages for Tenant's late payment and is <u>not</u>

a grace period or waiver of the requirement to pay the rent when due. All financial obligations under this agreement shall be regarded as rent.

**4.      Security Deposit.** Concurrent with Tenant's execution of this agreement, Tenant shall make a deposit of $___1200.00____ with Landlord as security for Tenant's compliance with all terms and conditions of the agreement.    THIS SECURITY DEPOSIT IS TO COVER POTENTIAL DAMAGE AND IS NOT TO BE USED BY TENANT AS PAYMENT OF ANY RENT DUE, INCLUDING THE LAST MONTH.    Upon termination of this agreement, including any consented holding over, and Landlord's inspection of the Premises, Landlord shall return the security deposit, to the forwarding address provided by Tenant to Landlord, within three weeks after the date Tenant delivers possession of the Premises, less any amount payable to Landlord by Tenant for rent, cleaning, damages to the Premises or otherwise, accompanied by an accounting thereof.  If Tenant does not fully comply with the terms of this Agreement, Landlord may use the security deposit to pay amounts owed by Tenant during the term hereof, including payment for rent or damage to the Premises as determined by Landlord, and Tenant shall replenish said security deposit to its full amount in order to reinstate compliance with the terms hereof.  Said security deposit will not be retained in a separate account by Landlord nor will it bear interest.  Tenant's obligation to Landlord is not limited by the amount of the security deposit, and Tenant agrees to promptly pay any bill from Landlord.  If multiple persons are tenants under this Agreement, the earlier vacating of the Premises by any of them does not entitle said person to the return of any security deposit until all tenants have vacated the Premises.

**5.      Default/Abandonment.**  If Tenant defaults in the payment of rent or any other term or condition of this agreement, or abandons or vacates the Premises during the term of this agreement, Landlord may give Tenant notice to cure such default by personal delivery, posting or any other means reasonably calculated to give Tenant notice.  If Landlord believes that Tenant has abandoned the Premises, or fails to cure any default within three (3) days of notice, Landlord may elect to terminate the agreement and forthwith repossess the Premises, change the locks, and remove or exclude the Tenant and all other occupants, with or without the benefit of legal proceedings as Landlord may elect, and be entitled to recover forthwith as damages a sum of money equal to the total of (i) the costs of recovering the Premises, (ii) the unpaid rent to the date of recovery of the Premises, (iii) the balance of the rent for the remainder of the term hereof, and (iv) any other sum of money and damages owed by Tenant to Landlord.  In the event of default, Landlord shall not be liable to Tenant for trespass or owe damages to Tenant for such actions taken in good faith for protection of Landlord's rights and property, and Tenant specifically waives all claims related thereto.  Landlord may relet the Premises, but shall not be required to relet the Premises, and Tenant shall be liable for the remainder of the rent due under the agreement until its expiration less any rent actually collected by Landlord during the applicable term hereof.  Landlord may dispose of any property found on the Premises at public or private sale without notice or liability to Tenant or others and apply the proceeds therefrom to Tenant's obligations.  Any late payments or other unpaid obligations of Tenant shall bear interest at the rate of eighteen percent per annum from the due date until paid.

**6.      Occupants.**  The Premises shall be occupied by no more than _1_ persons, consisting of ___1__ adults and ____0_ children, and the following persons are the only permitted occupants:

Guests or visitors, up to the maximum number of persons shown above, may stay in the premises for no more than seven days at a time or fourteen days in a year.  No other persons shall occupy the Premises without the advance written consent of the Landlord.  These Premises shall only be used for residential purposes and may not be utilized for commercial or business purposes.  Tenant agrees to pay an additional rent of $_____ per day for each extra occupant who exceeds the guest stay previously defined.

7.      **Repairs.**  Tenant must take good care of the Premises, including all furniture, equipment, appliances, and fixtures.  Tenant is liable for damages, repairs or replacements caused by his/her acts or neglect or by Tenant's family or guests.  Tenant shall immediately notify Landlord <u>in writing</u> of any damage, defect or needed repair involving the Premises.  Tenant hereby waives any right of offset or holding back of rent for repairs or maintenance unless Landlord has received at least thirty days written notice and thereafter failed to fix.  See attached Bed Bug compliance packet.

8.      **Partial or Total Destruction of Leased Premises.**  If the Premises are partially damaged or completely destroyed by a fire or other occurrence that is not caused by Tenant's negligence or willful act (including Tenant's family, invitees and guests), Landlord may elect to:  (1) repair or rebuild the Leased premises during the period of untenantability and abate the rent proportionally for this period; or (2) not repair or rebuild the Premises, terminate the Lease and prorate the rent up to the time of the damage.  Landlord is not responsible for any damage to the personal property of Tenant, except as caused by the willful acts or gross negligence of Landlord, and Tenant is advised to obtain his own insurance for property and liability coverage.

9.      **Alterations.**  Tenant shall not make any alterations to the interior or exterior of the Premises without Landlord's prior written consent.  For purposes hereof, alterations include but are not limited to paint, wallpaper, paneling, flooring, window coverings, partitions, railings, walls, cabinets, fixtures, doors, windows, and any change to the plumbing, electrical, heating, air conditioning or ventilation systems.  Tenant shall not install any antenna or receiver outside the interior of the Premises without prior written consent of Landlord.  Any alternations, installations and improvements shall become property of the Landlord and shall be surrendered as part of the Premises.  Landlord is not required to pay for any of the work performed under this section unless he has agreed to pay as indicated in his prior written consent.

10.     **Maintenance of Premises.**  Tenant shall, at Tenant's expense, maintain the Premises in a <u>clean and sanitary</u> condition at all times, shall not intrude into any walkway or common area, and shall keep the walks and driveway free from dirt, debris and other items which might constitute a fire or safety hazard.  Landlord shall make all required repairs to the plumbing, heating and electrical systems, together with any appliances provided by the Landlord, upon written notice of the need therefore.  At the end of the term, Tenant shall clean/have cleaned all appliances, flooring, kitchen and bathroom fixtures, and shall leave the Premises clean and in good condition, with the exception of ordinary wear and tear.  **Carpets shall be professionally cleaned.**  Tenant shall remove all Tenant's belongings and trash, surrender all keys to Landlord and vacate all parking or storage spaces upon the expiration of the Lease.  Tenant shall be

responsible for the payment of all costs incurred by Landlord for repairs, cleaning, trash disposal and restoring the premises to rentable condition.

**11.     Assignment/Subletting Restrictions.**   Tenant may not assign this Agreement or sublet the Premises without the prior written consent of the Landlord.   Any attempted assignment, sublease or other purported license to use the Premises by Tenant without the Landlord's consent shall be voidable at Landlord's option and shall at Landlord's option terminate this agreement.

**12.     Utilities/Services.**   Landlord is responsible for the payment of all utilities and services, including water, sewer and normal trash pickup. Tenant shall pay for any trash pickup or disposal charges which are separately charged by the trash company. Tenant shall be responsible for reimbursing Landlord a proportionate share of the monthly gas consumption, within 10 days of billing. Tenant shall also be responsible for reimbursing Landlord a proportionate share of the aggregate monthly cable expense.

**13.     Landlord's Right to Enter.**   Landlord may, at any reasonable time, enter the Premises to inspect it, to make repairs or alterations, and to show it to potential buyers, lenders or prospective tenants.   The parties agree that 24 hours notice is adequate for any inspection or repair other than an emergency.   Tenant shall not change any locks or add burglar alarms without Landlord's permission and providing Landlord with keys and codes for access.   Tenant agrees to allow Landlord access as needed for pest control, and Tenant agrees to follow instructions for preparation of the property and to temporarily vacate the premises to allow fumigation as required.

**14.     Pets.**   Tenant may not bring or keep any pets or critters on, in or about the Premises without the prior written consent of the Landlord and additional security deposit.   Tenant may keep ___0_____ for which Tenant has posted an additional security deposit of $_____.

**15.     Parking.**   Any parking that is provided is strictly self-park and is at the vehicle owner's risk, and is limited to __1_____ vehicle(s).  No bailment is intended nor assumed.  Tenant shall comply with all parking assignments and restrictions.   Tenant shall not interfere with snow removal by the parking of any vehicle.   Any vehicle shall exhibit current registration, shall be insured as required by state law, and shall be kept in good running order.  Tenant may not repair vehicles or machinery anywhere on the rental property at any time, and Tenant shall be responsible for any damage to the rental property or repairs necessitated by any vehicle brought on the property by Tenant or their guests.

**16.     Laws and Regulations.**   Tenant must, at Tenant's expense, comply with all laws, regulations, ordinances and requirements of all municipal, state and federal authorities that are applicable during the term of this Agreement pertaining to the occupancy or use of the Premises, and shall not engage in or allow any unlawful act on or about the Premises.  **The growing of marijuana on the Premises is prohibited**.  Tenant shall comply with all published rules and regulations of the Premises.  Tenant shall not make or permit any nuisance, and shall not disturb, annoy, endanger or interfere with the peaceful occupancy of other persons.  Violation may be considered by Landlord to be a material breach of this Agreement and grounds for immediate

eviction. Tenant must not do anything that increases the Landlord's insurance premium. Tenant shall not keep or have on the Premises any article or thing of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the Premises or that might be considered hazardous or environmentally undesirable. Tenant shall not bring any waterbed, piano or other heavy item into the Premises.

**17.     Legal Fees.** The prevailing party in a legal action or proceeding between Landlord and Tenant relating to the non-payment of rent, damages, recovery of possession of the Premises or other conflict between the parties shall recover its reasonable attorneys fees and costs in addition to any other remedies available at law or equity, whether or not suit is brought.

**18.     Inspection Prior to Occupancy.** Tenant has inspected the Premises and agrees that the Premises and all improvements, fixtures, appliances and equipment are in good, habitable condition at the time this Lease is being signed. Tenant shall give Landlord written notice of any deficiencies within three days of taking possession of the Premises.

**19.     Inspection Prior to Termination.** Within two weeks prior to vacating the Premises at the termination of this Lease, Tenant may request Landlord to inspect the Premises for any damage or remediation which would be chargeable to Tenant if not taken care of prior to vacating the Premises. Tenant has the right to be present at such inspection and be given the opportunity to remedy any identified deficiencies.

**20.     Subordination.** This agreement, and the Tenant's leasehold interest, is and shall be subordinate, subject and inferior to any and all liens and encumbrances now and thereafter placed on the Premises by Landlord, any and all extensions of such liens and encumbrances and all advances paid under such liens and encumbrances.

**21.     Binding Obligations.** This agreement is binding on the Landlord and Tenant and those that lawfully succeed to their rights or take their place. Tenant and Landlord have both read this lease and all promises made or relied upon by the parties are contained in this lease.

**22.     Radon Gas Disclosure.** As required by law, Landlord makes the following disclosure: "Radon Gas" is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in every state. Additional information regarding radon and radon testing may be obtained from your county public health unit.

**23.     Lead Paint Disclosure.** "Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention."

**24.   Merger and Severability.** Landlord and Tenant agree that this Agreement as written contains the entire agreement of the parties, and this Agreement supersedes any prior discussion or any representations not contained herein.  If any portion of this Agreement is held to be invalid or unenforceable as written, it shall be enforced to the maximum extent permissible consistent with the intent of the parties, and the remaining provisions shall otherwise continue to be valid and enforceable.

**25.   Modification and Waivers.** No change to this Agreement shall be binding on the parties unless it is in writing and signed by all the parties.  A waiver of a breach of any term, covenant or provision of this Agreement shall not constitute a continuing waiver or the waiver of any other term, covenant or condition, nor a waiver of a later breach of the same or other term.

**26.   Additional Terms and conditions Agreed to by Both Parties:**

This Lease is effective when Landlord delivers a copy signed by all parties to the Tenant.  Parties have signed this agreement in duplicate as of the day and year written above.  Any party signing below shall be responsible as a Tenant hereunder even if not one of the occupants of the Premises.

Landlord_____Darren Cobrae_     Date_____MARCH 1ST 2019_____

Tenant _____ Date 3/1/19_____

Tenant_____ Date_____

Tenant_____ Date_____

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Darren Cobrae
1317 Kyburz Ave
Lake Tahoe, Ca 96150
TELEPHONE NO.: 
E-MAIL ADDRESS *(Optional)*: darren cobrae@hotmail.com
ATTORNEY FOR *(Name)*:

*FOR COURT USE ONLY*

**FILED**

MAY 10 2023

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: **El Dorado County Superior Court**
MAILING ADDRESS: **1354 Johnson Blvd.**
CITY AND ZIP CODE: **So. Lake Tahoe, CA 96150**
BRANCH NAME:

CASE NAME:
D Cobrae v J Cobrae

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000) | ☐ Counter ☐ Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23UD0150 |
| | | | | JUDGE: DEPT.: 4 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☑ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☐ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/10/2023

Darren Cobrae
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

MAY 10 2023 **CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUM-130

# SUMMONS—EVICTION
## *(CITACIÓN JUDICIAL—DESALOJO)*
UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY 1 0 2023

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

**NOTICE TO DEFENDANT:** John Cobrae
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Darren Cobrae
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.* |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):* El Dorado County Superior Court
   1354 Johnson Blvd.
   So. Lake Tahoe, CA 96150

   CASE NUMBER *(número de caso):*
   23UD0150

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Darren Cobrae
   1317 Kyburz Ave Unit A (Front House) S. Lake Tahoe Cee 96150

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

MAY 1 0 2023

SUM-130

| PLAINTIFF *(Name):* DARREN Cedrae | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* John Cedrae | 23UD0150 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** [X] did **not** [ ] did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)* :

Date: *(Fecha)*  5-10-23

Clerk, by  YTapia , Deputy *(Adjunto)*
*(Secretario)*  **Shelby Wineinger**

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL] ISSUED

5. **NOTICE TO THE PERSON SERVED:** You are served

   a. [ ] as an individual defendant.

   b. [ ] as the person sued under the fictitious name of *(specify):*

   c. [ ] as an occupant.

   d. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation).    [ ] CCP 416.60 (minor).
   [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee).
   [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
   [ ] CCP 415.46 (occupant).    [ ] other *(specify):*

   e. [ ] by personal delivery on *(date):*

---

SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

**FILED**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO | MAY 1 0 2023 |
|---|---|
| 1354 Johnson Blvd<br>South Lake Tahoe, CA 96150 | EL DORADO CO. SUPERIOR COURT<br>BY *UTapia*<br>(DEPUTY CLERK) |

| TITLE OF CASE: DARREN COBRAE vs. JOHN COBRAE et al | CASE NUMBER<br>23UD0150 |
|---|---|

### NOTICE OF RESTRICTED ACCESS CCP 1161.2

May 10, 2023

You have been named as a DEFENDANT in an Unlawful Detainer Complaint that has been filed in the above-named court. Pursuant to California Code of Civil Procedure section 1161.2, access to the court file will be restricted for 60 days. No one will be allowed to view the court file, Register of Actions, or other records unless:

- They are a party to the action (plaintiff or defendant).
- They are the attorney for a party to the action.
- They can provide to the clerk the name of at least one plaintiff and one defendant in the action and can provide the address of the premises, including any apartment, unit or space number.
- They can provide to the clerk the name of one of the parties in the action or the case number, and can establish through proper identification that they live at subject premises.

Other persons will not be permitted access to the court file for 60 days, except pursuant to an ex parte order signed by a judge upon showing of good cause. You may contact the following agencies for legal assistance regarding the case:

- El Dorado Superior Court: Family Law Facilitator's Office - 530-621-5098
- El Dorado County Bar Association - 530-626-4906

NOTE: Service of this notice does NOT constitute service of the summons and complaint.

By _____*UTapia*_____, Deputy Clerk
            Shelby Wineinger

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the NOTICE OF RESTRICTED ACCESS was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at South Lake Tahoe, California on: May 10, 2023

May 10, 2023                    Clerk by: _____*UTapia*_____
                                         Shelby Wineinger

JOHN COBRAE
1317 KYBURZ AVE., UNIT C (BACK HOUSE)
SOUTH LAKE TAHOE, CA 96150

KARI MCHAFFIE
1317 KYBURZ AVE., UNIT C (BACK HOUSE)
SOUTH LAKE TAHOE, CA 96150

Mandatory Use                    Notice of Restricted Access                    Page 1
Form C-55                              (Civil)
Revised 01-20-22



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO**

FILED

MAY 1 0 2023

1354 Johnson Blvd
South Lake Tahoe, CA 96150

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

| TITLE OF CASE: DARREN COBRAE vs. JOHN COBRAE et al | CASE NUMBER 23UD0150 |
|---|---|

**NOTICE OF RESTRICTED ACCESS CCP 1161.2**

May 10, 2023

You have been named as a DEFENDANT in an Unlawful Detainer Complaint that has been filed in the above-named court. Pursuant to California Code of Civil Procedure section 1161.2, access to the court file will be restricted for 60 days. No one will be allowed to view the court file, Register of Actions, or other records unless:

- They are a party to the action (plaintiff or defendant).
- They are the attorney for a party to the action.
- They can provide to the clerk the name of at least one plaintiff and one defendant in the action and provide the address of the premises, including any apartment, unit or space number.
- They can provide to the clerk the name of one of the parties in the action or the case number, and can establish through proper identification that they live at subject premises.

Other persons will not be permitted access to the court file for 60 days, except pursuant to an ex parte order signed by a judge upon showing of good cause. You may contact the following agencies for legal assistance regarding the case:

- El Dorado Superior Court: Family Law Facilitator's Office - 530-621-5098
- El Dorado County Bar Association - 530-626-4906

NOTE: Service of this notice does NOT constitute service of the summons and complaint.

By _____, Deputy Clerk
Shelby Wineinger

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the NOTICE OF RESTRICTED ACCESS was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at South Lake Tahoe, California on: May 10, 2023

May 10, 2023                    Clerk by: _____
                               Shelby Wineinger
                               Shelby Wineinger

JOHN COBRAE
1317 KYBURZ AVE., UNIT C (BACK HOUSE)
SOUTH LAKE TAHOE, CA 96150

KARI MCHAFFIE
1317 KYBURZ AVE., UNIT C (BACK HOUSE)
SOUTH LAKE TAHOE, CA 96150

Mandatory Use
Form C-55
Revised 01-20-22

Notice of Restricted Access
(Civil)

Page 1